11-1834-ag
Shi v. Holder

BIA
A077 341 285

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of January, two thousand twelve.

PRESENT:
GUIDO CALABRESI,
ROBERT A. KATZMANN,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

SHI HAO SHI, AKA SHAOHUA LI,
AKA SHI HAO JIN,
*Petitioner,*

v.                                                    11-1834-ag
                                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Zhao Wang, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shi Hao Shi, a native and citizen of the People's Republic of China, seeks review of an April 25, 2011, decision of the BIA denying his motion to reopen. *In re Shi Hao Shi*, No. A077 341 285 (B.I.A. Apr. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). Aliens seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Shi's November 2010 motion to reopen was untimely, because the BIA issued its final order of removal in 2003, and number-barred, because it is his second motion

to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A),(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations for filing a motion to reopen do not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the agency did not abuse its discretion in denying Shi's motion to reopen as untimely and number-barred. The agency reasonably relied on the IJ's underlying adverse credibility determination to decline to credit Shi's uncorroborated and unauthenticated evidence purporting to establish changed country conditions. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

Further, substantial evidence supports the agency's conclusion that the background materials do not demonstrate a change in country conditions material to Shi's claim that he is eligible for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). The country conditions materials provided by Shi did not support his contention

that he would be persecuted for practicing Christianity in China because the change in Chinese regulations he relies on pre-dates the information in the State Department reports cited by the BIA by approximately four years.  As the BIA found, the 2009 State Department report reflects that, while the government requires churches to register and restricts participation in unregistered or house churches, "freedom to participate in religious activities continued to increase in many areas."  The Religious Freedom report reflects that the Chinese government's interference with unregistered churches varied depending on the location, and that between 50 and 70 million people in China practiced Christianity without government interference.  Although both reports reflect that church leaders and unregistered house churches face occasional harassment, nothing in the background materials supports Shi's claim that he will be harassed or tortured on the basis of his faith if he returns to China.  Absent "solid support" in the record that his fear is objectively reasonable, Shi's claim of future persecution is "speculative at best."  *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *see Jian Hui Shao*, 546 F.3d at 154, 163-66.

4

Finally, the agency properly concluded that Shi's conversion to Christianity in the United States constituted a self-induced change in personal circumstances that did not merit an exception to the time and number limitations applicable to motions to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). Accordingly, the agency did not abuse its discretion in denying Shi's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5